NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NENSI STAGNARO, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>HOLLYWOOD PARK MANAGEMENT COMPANY, LLC, STADCO LA, LLC, and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No. 2:24-cv-10143 FLA (JPRx)<br><br>Magistrate Judge Jean P. Rosenbluth<br><br>STIPULATED PROTECTIVE ORDER |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

1.    <u>INTRODUCTION</u>

   1.1    <u>PURPOSES AND LIMITATIONS</u>

   Discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file Confidential Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

   1.2    <u>GOOD CAUSE STATEMENT</u>

   This case against Defendants Hollywood Park Management Company, LLC and Stadco LA, LLC (collectively, "Defendants") challenges Defendants' alleged practice of charging mandatory transaction fees to patrons during certain events held at the Sofi Stadium ("Stadium"), when patrons pay for their concession stand purchases with certain payment methods, allegedly without adequately disclosing to patrons the existence of those fees or informing patrons how they might avoid paying those fees. Second Amended Complaint ("SAC"), ¶¶ 4-17.  Plaintiff also alleges in the SAC that "[w]hen a purchaser was charged a Transaction Fee, Defendants also charged the purchaser an additional amount equal to 10% of the Transaction Fee – presumably to collect sales taxes on the Transaction Fee when the purchasers were [allegedly] not aware they were being charged." *Id.*, ¶ 7. Plaintiff further alleges that "[t]he names of the purchasers who were charge[d]

these fees and the exact amount of the Transaction Fee charged to each affected purchaser can be ascertained from Defendants' business records." *Id.*, ¶ 9.

Plaintiff's pending discovery encompasses (and potential future discovery may encompass) the disclosure of business information and documents relating to the ownership, management, and operation of SoFi Stadium, which, according to Defendants, is sensitive and confidential and could have a significant detriment on Defendants' businesses and dealings including, but not limited to, the management and operation of SoFi Stadium, if publicly disclosed.

Defendants have indicated that, this action is likely to involve commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted, including confidential and proprietary materials and information consisting of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

1       In addition, Plaintiff has also requested documents and information relating
2  to the personally identifiable information of every person who has visited SoFi
3  Stadium from November 6, 2019 through the present.  To protect this personally
4  identifiable information of non-party persons from public disclosure, confidential
5  treatment and protection of these documents and information is warranted.

6  2.    <u>DEFINITIONS</u>

7     2.1   <u>Action</u>: The above-entitled action, captioned *Stagnaro v. Hollywood*
8  *Park Mgmt. Co., LLC, et al.*  There is a pending Motion for Remand (ECF No. 15),
9  which was filed by Plaintiff on December 16, 2024.  If this Action is remanded to
10  the Los Angeles Superior Court, the Parties agree to continue to be fully bound by
11  and adhere to this Stipulated Protective Order, and all terms set forth herein, unless
12  and until such time as the Los Angeles Superior Court orders otherwise.  If this
13  Action is remanded to the Los Angeles Superior Court, the Parties hereby agree that
14  the Los Angeles Superior Court shall have the power, jurisdiction, and authority to
15  enforce this Stipulated Protective Order and all of its terms.

16     2.2   <u>Challenging Party</u>: a Party or Nonparty that challenges the designation
17  of information or items under this Order.

18     2.3   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of
19  how it is generated, stored, or maintained) or tangible things that qualify for
20  protection under Federal Rule of Civil Procedure 26(c) and as specified above in
21  the Good Cause Statement.

22     2.4   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>
23  <u>Information or Items</u>: extremely sensitive "Confidential Information or Items," the
24  disclosure of which to another Party or Non-Party would create a substantial risk of
25  serious competitive harm or business prejudice that could not be avoided by less
26  restricted means.  Information designated as "Highly Confidential – Attorneys'
27  Eyes Only" is of such a highly confidential, proprietary nature that its disclosure or
28  dissemination to a Party or Non-Party could cause irreparable harm or impair the

legitimate competitive position or interests of the Producing Party. This information may include, but is not necessarily limited to: (1) certain financial information pertaining to the Producing Party; (2) information pertaining to strategic business initiatives or marketing plans pertaining to the Producing Party; and (3) information constituting or relating to confidential, private, and sensitive business dealings and relationships.

2.5    Counsel: outside Counsel of Record and House Counsel (as well as their support staff).

2.6    Designating Party: a Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.9    House Counsel [Applicable only to Defendants]: One attorney who is an employee of a party to this Action. Designated House Counsel does not include Outside Counsel of Record or any other outside counsel. If the designated House Counsel leaves the employ of the company or otherwise needs to be de-designated, a party may designate a new House Counsel by informing all parties to the Action in writing of the change and requiring the new House Counsel to sign the form that is attached to this Protective Order as Exhibit A.

2.10    Nonparty: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

Case No. 2:24-cv-10143 FLA (JPRx)
Stipulated Protective Order

2.11    <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but who are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.12    <u>Party</u>: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    <u>Producing Party</u>: a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.14    <u>Professional Vendors</u>: persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2. 17    Testimony Designation Deadline: For a proceeding during which witness testimony is given, the date that is the earlier of (i) 21 days from the date of the proceeding, or (ii) seven days after the Receiving Party receives a copy of the transcript of the proceeding.

3.    <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also:  (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time under applicable law.  The treatment of Protected Materials upon final disposition is set forth and governed by Section 13, Final Disposition, below.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent practicable, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material,

documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for that level of protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party should to the extent practicable clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated

which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     for testimony given in depositions, that the Designating Party identify on the record, before the close of the deposition, all protected testimony for which the Designating Party is asserting a confidentiality designation and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to identify, up to the Testimony Designation Deadline, the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection by the Testimony Designation Deadline shall be covered by the provisions of this Stipulated Protective Order.  The Designating Party shall inform the court reporter of these requirements.  Until the Testimony Designation Deadline or until the specific designations are received, the transcript will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" depending on the instruction provided at the

deposition by the Designating Party.  After the expiration of that period, the transcript shall be treated only as actually designated.

          (i)      For any deposition involving a witness, whether an individual persons or on behalf of an entity, who is not a Party as that term is defined in Section 2.12 above, the following shall apply: The Party taking the deposition shall give the other Party notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Party can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," but shall not have any bearing on any testimony discussing such documents. The treatment of such testimony is  governed by the rules set forth under the applicable provisions of this Protective Order.

Transcripts referencing, containing, or discussing Protected Material shall bear the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as applicable, on the condition that the Designating Party raise such objection or designation during the deposition.  The transcript containing such Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.

      (c)     for information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY." If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, must identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failure(s) to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for that material. On timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4    If, upon receiving Discovery Material from a Non-Party that has not already been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," a Party intends to publicly disclose such Discovery Material, the Party shall provide 20 calendar days' notice before such contemplated public disclosure so that the other Party has an opportunity to challenge the contemplated public disclosure including, but not limited to, by seeking a protective order to prohibit such public disclosure or by ensuring that the Discovery Material is treated and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as applicable, under this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Nonparty may challenge a designation of confidentiality at any time consistent with the Court's scheduling order.

6.2    Meet and Confer. The Challenging Party must initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Local Rule 37.

6.3    The burden of persuasion in any such proceeding is on the Designating Party. Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived

or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action unless written permission is obtained from the Designating Party to disclose the information. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided:  (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) the witness is not permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. The foregoing notwithstanding, it is not necessary for Plaintiff's counsel to obtain a signed version of Exhibit A from a deponent-witness who is (1) an employee of a party that is named as a Defendant in this action,  or (2) is a named defendant's corporate witness as provided under Fed. R. Civ. P. 30(b)(6). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court who – except for judicial officers -- have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel in this Action, as well as

employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    the Court and its personnel;

(d)    court reporters and their staff;

(e)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) the witness is not be permitted to keep any highly confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  The foregoing notwithstanding, it is not necessary for Plaintiff's counsel to obtain a signed version of Exhibit A from a deponent-witness who is (1) an employee of a party that is named as a Defendant in this action,  or (2) is a named defendant's corporate witness as provided under Fed. R. Civ. P. 30(b)(6). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions or appointed by the Court who –except for judicial officers -- have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A).

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification must include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order should not produce any information designated in this action as "CONFIDENTIAL" before a determination on the protective-order request by the relevant court unless the Party has obtained the Designating Party's permission. The Designating Party bears the burden and expense of seeking protection of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are equally applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information is protected

by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

(b)    In the event that a Party is required by a valid discovery request to produce a Nonparty's Confidential Information in its possession and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's Confidential Information, then the Party must

(1) promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(2)    promptly provide the Nonparty with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Nonparty, if requested.

(c)    If the Nonparty fails to seek a protective order within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's Confidential Information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party must not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a ruling on the protective-order request. Absent a court order to the contrary, the Nonparty must bear the burden and expense of seeking protection of its Protected Material.

///

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately notify the Designating Party in writing of the unauthorized disclosures, use its best efforts to retrieve all

unauthorized copies of the Protected Material, inform the person or people to whom
unauthorized disclosures were made of the terms of this Order, and ask that person
or people to execute the "Acknowledgment and Agreement to Be Bound" that is
attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
PROTECTED MATERIAL

        When a Producing Party gives notice to Receiving Parties that certain
inadvertently produced material is subject to a claim of privilege or other
protection, the obligations of the Receiving Parties are those set forth in Federal
Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Federal Rule of Evidence 502(d)
and (e), insofar as the parties reach an agreement on the effect of disclosure of a
communication or information covered by the attorney-client privilege or work
product protection, the parties may incorporate their agreement in the stipulated
protective order submitted to the court provided the Court so allows.

12.     MISCELLANEOUS

        12.1    Right to Further Relief.  Nothing in this Order abridges the right of any
person to seek its modification by the Court.

        12.2    Right to Assert Other Objections.  By stipulating to the entry of this
Order, no Party waives any right it otherwise would have to object to disclosing or
producing any information or item on any ground not addressed in this Order.
Similarly, no Party waives any right to object on any ground to use in evidence of
any of the material covered by this Order.

///

        12.3    Filing Protected Material.  A Party that seeks to file under seal any
Protected Material must comply with Civil Local Rule 79-5. Protected Material
may be filed under seal only pursuant to a court order authorizing the sealing of the
specific Protected Material at issue. If a Party's request to file Protected Material
under seal is denied, then the Receiving Party may file the information in the public

1   record unless otherwise instructed by the Court.

2   13.   <u>FINAL DISPOSITION</u>

3        After the final disposition of this Action, as defined in paragraph 4, within 60

4   days of a written request by the Designating Party, each Receiving Party must

5   return all Protected Material to the Producing Party or destroy such material. As

6   used in this subdivision, "all Protected Material" includes all copies, abstracts,

7   compilations, summaries, and any other format reproducing or capturing any of the

8   Protected Material. Whether the Protected Material is returned or destroyed, the

9   Receiving Party must submit a written certification to the Producing Party (and, if

10  not the same person or entity, to the Designating Party) by the 60-day deadline that

11  identifies (by category, when appropriate) all the Protected Material that was

12  returned or destroyed and affirms that the Receiving Party has not retained any

13  copies, abstracts, compilations, summaries, or any other format reproducing or

14  capturing any of the Protected Material. Notwithstanding this provision, Counsel

15  are entitled to retain an archival copy of all pleadings; motion papers; trial,

16  deposition, and hearing transcripts; legal memoranda; correspondence; deposition

17  and trial exhibits; expert reports; attorney work product; and consultant and expert

18  work product even if such materials contain Protected Material. Any such archival

19  copies that contain or constitute Protected Material remain subject to this Order as

20  set forth in Section 4 (DURATION).

21  ///

22  ///

23  ///

24  14.   <u>SANCTIONS</u>

25        Any willful violation of this Order may be punished by any and all

26  appropriate measures including, without limitation, contempt proceedings and/or

27  monetary sanctions.  The Parties agree to take all reasonable and necessary steps to

28  comply with this Stipulated Protective Order, in good faith.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: March 18, 2025                    DENTONS US LLP

                                         By: */s/ Norman M. Aspis*
                                         _____
                                         BETY JAVIDZAD
                                         NORMAN M. ASPIS

                                         Attorneys for Defendants Hollywood
                                         Park Management Company, LLC and
                                         Stadco LA, LLC

Dated: March 18, 2025                    THE LAW OFFICE OF EVAN SUMER

                                         By: */s/ Evan Sumer*
                                         _____
                                         EVAN SUMER

                                         Attorney for Plaintiff Nensi Stagnaro

SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of this document attests that
concurrence in the filing has been obtained from each of the other signatories.

Dated: March 18, 2025                    DENTONS US LLP

                                         By: */s/ Norman M. Aspis*
                                         _____
                                         BETY JAVIDZAD
                                         NORMAN M. ASPIS

                                         Attorneys for Defendants Hollywood
                                         Park Management Company, LLC and
                                         Stadco LA, LLC

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: March 19, 2025

                                         _____
                                         Hon. Jean P. Rosenbluth
                                         United States Magistrate Judge

19                                       Case No. 2:24-cv-10143 FLA (JPRx)
                                         Stipulated Protective Order

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 2:24-cv-10143 FLA (JPRx)
Stipulated Protective Order

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[full name],

of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on _____, 2025 in the case of *Stagnaro v. Hollywood Park Mgmt. Co., LLC, et al.*, Case No. 2:24-cv-10143 FLA (JPRx). I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed Name: _____

Signature: _____

129578844\V-4

21