JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NENSI STAGNARO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HOLLYWOOD PARK MANAGEMENT COMPANY, LLC, *et al.*,<br><br>　　　　Defendants. | Case No. 2:24-cv-10143-FLA (JPRx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 15] AND DENYING DEFENDANTS' MOTIONS TO BIFURCATE DISCOVERY [DKT. 36] AND DISMISS THIRD AMENDED COMPLAINT [DKT. 79] AS MOOT** |

## RULING

Before the court is Plaintiff Nensi Stagnaro's ("Stagnaro" or "Plaintiff") Motion to Remand ("Motion"). Dkt. 15 ("Mot.").[1] Defendants Hollywood Park Management Company, LLC and Stadco LA, LLC (together, "Defendants") oppose the motion. Dkt. 27 ("Opp'n").[2]

On February 12, 2025, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for February 14, 2025.  Dkt. 35; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons stated below, the court GRANTS the Motion and REMANDS the action to the Los Angeles County Superior Court.

## BACKGROUND

Plaintiff filed the operative complaint (the "Second Amended Complaint" or "SAC") against Defendants in the Los Angeles County Superior Court, Case No. 23STCV27414, on October 24, 2024. Dkt. 1-1 at 3–25 ("SAC"). In sum, Plaintiff alleges Defendants charged consumers at SoFi Stadium ("SoFi") hidden fees that consumers did not know were being charged. *Id.* ¶¶ 5–8. Accordingly, Plaintiff brings causes of actions for violations of California's (1) Consumers Legal Remedies Act ("CLRA") (Civ. Code § 1750, *et seq.*), (2) False Advertising Law (Bus. & Prof. Code § 17500, *et seq.*), (3) Unfair Competition Law ("UCL") (Bus. & Prof. Code § 17200, *et seq.*), and for (4) breach of implied contract. *Id.* ¶¶ 54–89.

In their Notice of Removal, Defendants argue this court has subject matter jurisdiction over the action under the Class Action Fairness Act of 2005 ("CAFA"),

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

[2] Defendants also filed evidentiary objections to the Declaration of Evan Sumer In Support of Plaintiff's Motion to Stay Briefing (Dkt. 12-1). Dkt. 27-3. Because the court did not rely on the challenged evidence in reaching its conclusion, the objections are overruled as moot.

2

28 U.S.C. § 1332(d). Dkt. 1 ("NOR") ¶ 9. Defendants contend there are at least 100 class members in the putative class, the parties are sufficiently diverse, and the amount in controversy exceeds $5,000,000. *Id.* ¶¶ 11–27. In response, Plaintiff argues removal is improper because Defendants' removal was untimely and Defendants failed to prove to the required level of certainty that the amount in controversy exceeds $5,000,000. Mot. at 14–21.

## DISCUSSION

### I. Legal Standard

A defendant may remove an action from state court if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441(a). CAFA provides federal subject matter jurisdiction if (1) the proposed plaintiff class is not less than 100 members, (2) the parties are minimally diverse, and (3) the aggregate amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2), (5)(B). "Congress intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

The party seeking removal bears the burden of establishing subject matter jurisdiction. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir. 2006). Where the amount in controversy is not apparent from the face of the complaint, the removing party "must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Id.* While generally, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," when a plaintiff contests the amount in controversy put forth by the defendant, "[e]vidence establishing the amount is required…." *Dart Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The parties, thus, "may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra*, 775 F.3d at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "Under this

system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.*

## II. Analysis

As the parties do not contest CAFA's jurisdictional requirements of minimum diversity and class numerosity, the remaining disputes are whether Defendants timely removed this case and whether CAFA's amount in controversy requirement is met. *See* Mot. at 14–21; Opp'n at 16–23.

### A. Timely Removal

Removal is timely when it is effectuated within thirty days after a pleading "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Under CAFA, class actions "may be removed at any point during the pendency of litigation in state court, so long as removal is initiated within thirty days after the defendant is put on notice that a case which was not removable based on the face of the complaint has become removable." *Abrego Abrego*, 443 F.3d at 691.

Defendants argue removal was timely because the SAC added facts that demonstrated the existence of federal jurisdiction. According to Defendants, the SAC expanded the scope of the putative class. Opp'n at 17. Plaintiff counters that Defendants were on notice of Plaintiff's claims—given that "the FAC and the SAC challenge the same conduct under identical claims, seek the same relief, and similarly propose open-ended class periods." Mot. at 16. The court agrees with Defendants.

The FAC defined Plaintiff's putative class as:

> All persons who, at any time during the period beginning four years prior to the filing of this Complaint, were either (i) charged Transaction Fees at Sofi Stadium *without receiving prior notice of this charge*, or (ii) were charged a total purchase price (excluding taxes) that was higher than the sum that is calculated by adding the Advertised Price of each item they purchased at Sofi Stadium.

4

1  FAC ¶ 43 (emphasis added).  The SAC, on the other hand, defined the putative class
2  as:

> All persons who, while attending the Sofi Stadium at any time after November 6, 2019, were either (i) charged a Transaction Fee by Defendants, or (ii) charged, in a transaction resulting in the sale of one or more Products, a charge that was not disclosed as a part of Defendants' Advertised Prices of the Products that were the subject of that transaction.

SAC ¶ 46.

Unlike the FAC, the SAC added to the putative class all consumers who were charged a transaction fee regardless of the lack of prior notice.  This amendment was enough to trigger a new thirty-day period within which Defendants could remove the action to federal court.  *See* 28 U.S.C. § 1446(b)(3).  As Defendants timely did so, the Motion will not be granted on this ground.

### B. Amount in Controversy

Defendants estimate the amount in controversy is $3,676,315.05 ($3,342,104.59 in previously charged transaction fees + $334,210.46 in previously charged sales tax) if damages were to be calculated from November 6, 2019, through the date of Defendants' Opposition (January 21, 2025).  Opp'n at 20; Dkt. 27-1 at 3–4.  If damages were to be calculated, instead, through Plaintiff's requested trial date (December 2026) and include projected and announced events at SoFi, Defendants estimate the amount to be $6,316,315.05 ($5,742,104.59 in transaction fees estimated to be charged + $574,210.46 in sales tax estimated to be charged).  Opp'n at 20–21; Dkt. 27-1 at 4–5.  Defendants argue $6,318,315.05 (the aforestated $6,316,315.05 + $2,000 in damages "that may be incurred in connection with Plaintiff's requested injunctive relief") is "the potential amount in controversy", and that "[t]his amount excludes pre-judg[]ment and post-judgment interest, any reasonable attorneys' fees, costs and expenses."  Opp'n at 20–21.

///

5

Although the Ninth Circuit has recognized that "the mere futurity of certain classes of damages [does not] preclude[ ] them from being part of the amount in controversy," such damages must be "*presently* in controversy." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (emphasis in original); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004) (stating that it is well-settled authority that "the jurisdiction of the court depends upon the state of things at the time of the action brought.").

Courts within the Ninth Circuit have ruled that future damages that rely on the assumption that a defendant "will continue to violate the [law] to the same degree even after the filing of the complaint" are unduly speculative and cannot be considered part of the amount in controversy. *E.g., Hughes v. McDonald's Corp.*, Case No. C 14-1700 PJH, 2014 WL 3797488, at *2 (N.D. Cal. July 31, 2014) (cleaned up); *see also Petkevicius v. NBTY, Inc.*, Case No. 3:14-cv-02616-CAB (RBB), 2017 WL 1113295, at *7 (S.D. Cal. Mar. 24, 2017) (ruling that the amount in controversy should not include future damages if the court had to "speculat[e] about possible future injuries caused by future conduct of the defendant").

Likewise, the court declines to include future estimated transaction fees or estimated sales tax as part of the amount in controversy calculation. Such future damages would require the court to speculate unreasonably as to future SoFi events, whether they would be held or cancelled (as occurred during the recent Covid-19 pandemic), and the number of individuals who may attend such events, and assume Defendants "will continue to violate the [law] to the same degree even after the filing of the complaint." *Hughes*, 2014 WL 3797488, at *2; *see also Aseltine v. Panera, LLC*, Case No. 21-cv-04284-JST, 2021 WL 8267421, at *2 (N.D. Cal. Dec. 13, 2021) (as for determining amount in controversy, "future damages are speculative because they do not stem from wrongdoing that has already occurred, but rather assume that wrongdoing will be done in the future") (citations omitted); *Ibarra*, 775 F.3d at 1197

("Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions.").

Accounting for future damages in this way also violates established Ninth Circuit precedent. Just as "post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing," post-filing events cannot create jurisdiction where jurisdiction did not exist at the time the action was filed. *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 868 (9th Cir. 2013) (citation omitted). Thus, the determination of the amount in controversy must be the same now as it was at the case's onset. *See Petkevicius*, 2017 WL 1113295, at *7.

For these reasons, the court concludes Defendants have established that the amount in controversy includes $3,676,315.05 ($3,342,104.59 in previously charged transaction fees and $334,210.46 in previously charged sales tax).[3]

As for attorney's fees, Defendants assume Plaintiff's counsel will be awarded the benchmark fee of 25% of damages. Opp'n at 21. Defendants, however, "cannot establish the amount in controversy on attorneys' fees … by relying solely on the Ninth Circuit benchmark." *Lopez v. Advanced Drainage Sys.*, Inc., Case No. 5:24-cv-07582-PCP, 2025 WL 1088199, at *6 (N.D. Cal. Apr. 11, 2025) (citing *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 796 (9th Cir. 2018)) (collecting cases). Nevertheless, even if 25% of damages were to be awarded as attorney's fees in this

---

[3] Defendants argue pre-judgment interest should be included in the amount in controversy, but CAFA excludes interest and costs in this calculation. *See Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1060 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)(2)). Defendants also contend Plaintiffs would be entitled to $2,000 as "the approximate amount that may be incurred in connection with Plaintiff's requested injunctive relief." Opp'n at 21. Defendants, however, fail to offer any evidence to explain the basis for this amount, and the court will not consider it in calculating the amount in controversy.

case, the fees would come to $919,078.76, raising the amount in controversy to $4,595,393.81, which is still below the $5,000,000 minimum under CAFA.[4]

Accordingly, Defendants have failed to demonstrate by a preponderance of the evidence that the amount in controversy satisfies the minimum threshold under CAFA.

### C. Request for Attorneys' Fees

Lastly, Plaintiff seeks attorney's fees under 28 U.S.C. § 1447(c) ("§ 1447(c)"), Mot. at 23, which provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1072 (C.D. Cal. 2014) (cleaned up) (quoting 28 U.S.C. § 1447(c)). "Absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal. Conversely, where no objectively reasonable basis exists, fees should be awarded." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132 (2005).

Although Defendants have failed to prove by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, removal was objectively reasonable and does not merit an award of attorney's fees. Accordingly, Plaintiff's request for attorney's fees is DENIED.

/ / /

/ / /

/ / /

---

[4] As Defendants have not met their burden regarding the amount in controversy, the court denies Plaintiff's remaining evidentiary objections (Dkt. 34-1) as moot.

**CONCLUSION**

For the foregoing reasons, the court GRANTS Plaintiff's Motion (Dkt. 15), and REMANDS this action to the Los Angeles County Superior Court, Case Number 23STCV27414. Defendants' Motions to Bifurcate Discovery (Dkt. 36) and Dismiss Plaintiffs' Third Amended Complaint (Dkt. 79) are DENIED as moot. The clerk of court shall administratively close the case.

IT IS SO ORDERED.

Dated: August 7, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge